CROSSWELL v. INDEMNITY ASSOCIATION.

1. DISMISSAL OF APPEAL.—The clerk may dismiss an appeal when it appears that the "return" has not been filed in the proper time, and his certificate to that effect may be indorsed on the dismissing order.
2. APPEAL—IN SETTLING A CASE, a Circuit Judge has nothing to do with the exceptions, except that a copy should be furnished him, that he may see the questions raised by the appeal.
3. CIRCUIT COURT RULE No. 48 is no longer of force.
4. APPEAL—EXCUSABLE DEFAULT—MISTAKE OR INADVERTENCE.—After a party has served in proper time his notice of intention to appeal, he may be relieved of the consequences of any omission in taking any subsequent steps necessary to perfect the appeal arising from mistake or inadvertence.
5. IBID.—IBID.—IBID.—Circumstances stated under which appellant may be relieved of default in perfecting appeal, after notice of intention to appeal has been properly served.

Motion to reinstate appeal dismissed by the clerk, under Rule 1. Action by John Crosswell and Arthur Crosswell against the Connecticut Indemnity Association, tried at Sumter, fall term, 1896. Notice of intention to appeal was served in proper time, and by agreement proposed "Case" was served on December 31, 1896. Upon disagreement, it was referred to Judge Benet, January 23, 1897, for settlement. The appellant's counsel was under the impression that he had left the originals and original exceptions with Judge Benet. No "return" having been filed, upon application of respondent, the clerk dismissed the appeal, April 1, 1897. No "return" has been filed, and Judge Benet has not settled the case. The originals and original exceptions were found in the office of one of appellant's counsel May 3, but both counsel disclaim any knowledge of the fact that they were there, thinking until then that the Judge still had them.

*Messrs. John T. Seibels* and *W. D. Melton*, for the motion.

*Messrs. Lee & Moise*, contra.

May 18, 1897.  PER CURIAM.  This is a motion to reinstate an appeal dismissed by the clerk, under Rule 1 of this Court, upon the ground that the return was not filed within the prescribed time.  The motion is based, first, upon the ground that the order of the clerk dismissing the appeal was not founded upon the evidence required by that rule, inasmuch as it is claimed that there was no certificate of the clerk that the return had not been filed prior to the order dismissing the appeal.  This allegation is based upon a statement made in one of the affidavits based "upon information obtained from the said U. R. Brooks, Esq.," to that effect.  This being merely hearsay, cannot be accepted as competent testimony to establish the fact which it was offered to prove.  Besides, it appears from the record before us that the certificate was indorsed upon the same sheet of paper, and bears the same date, as the order dismissing the appeal.  We must, therefore, conclude, from the testimony properly before us, that the clerk granted the order dismissing the appeal upon the evidence required by the rule.  We hold that there was no error on the part of the clerk in granting the order dismissing the appeal.

The appellant contends, secondly, that, upon the showing made, there was really no default in filing the return; and if there was, such default was occasioned by an honest mistake and inadvertence, and upon that ground the appeal should be reinstated.  We will first consider whether there was any default.  It appears from the showing made that the time for serving the "Case" and exceptions had been duly extended to 31st of December, 1896, on which day the proposed "Case" and exceptions were duly served, to which certain amendments were proposed by respondents, and counsel not being able to agree, the proposed "Case" and exceptions, together with the proposed amendments, were submitted to the Circuit Judge before whom the case was tried, for settlement.  After hearing counsel for the respective parties, the Circuit Judge re-

served his decision, and has not, as yet, made any order settling the "Case." Counsel for appellant contend, first, as matter of law, that the exceptions could not be filed until after the Circuit Judge had settled the same, which has not yet been done, and hence that there was no default upon their part. We cannot accept this view, for while it is the duty of the Circuit Judge to settle *the* "*Case*," where the parties fail to agree, we do not understand that he has anything to do with *the exceptions*. Rule 50 of the Circuit Court provides that where the parties fail to agree upon a "Case," "then the proposed 'Case,' with the proposed amendments and allowances and disallowances"—*not* the exceptions—shall be referred to the Circuit Judge for settlement. It is true, that the proper practice is to furnish the Circuit Judge with a copy of the exceptions, in order that he may be the better enabled to determine what is necessary to go into the "Case" as a basis for such exceptions, and what should be left out, as not pertinent to the points raised by the exceptions; but we do not understand that the Circuit Judge has any power to determine what *the exceptions* shall or shall not contain. Rule 48 of the Circuit Court, upon which appellants rely to support their contention that the Circuit Judge should settle the exceptions as well as the "Case," while, no doubt, applicable when appeals were brought up by writ of error, has, manifestly, no application to the present mode of bringing up cases, which has been substituted for the writ of error. It seems to us that Rule 48 is, therefore, no longer in force. In view of the well-settled practice of this Court, declared in repeated decisions, that no question will be considered here unless raised by some exception, it would be a fearful power to vest in *any* Circuit Judge, to say what should or what should not be incorporated in the exceptions taken for the purposes of an appeal.

Counsel for appellant next contended that, if they are wrong in their legal position just considered, they were under the honest conviction that the *original* exceptions

were in the hands of the Circuit Judge, and hence they were unable to file the same in the Circuit Court, from which they must be certified to this Court as a part of the return, and they only discovered their mistake, by accident, after this appeal had been dismissed by the clerk, and they ask to be relieved from the consequences of such honest mistake. The statutes provide, that when an appeal has been taken, and due notice thereof has been given within the time prescribed by law, this Court may, in its discretion, and upon such terms as may be just, relieve a party from the consequences of any omission in taking any subsequent step necessary to perfect an appeal, arising from mistake or inadvertence. See secs. 339 and 349 of the Code of Procedure. Inasmuch as it does not appear that there was any neglect in giving due notice of intention to appeal within the time prescribed by law, a proper case is presented for the exercise of the discretion thus confided in this Court. While this discretion is a legal discretion and must not be exercised capriciously, and while it is true that in some of the cases which have been cited the appellant has been held to a strict compliance with the rule of Court, by reason, perhaps, of the fact that due regard has not always been paid to the liberal provisions contained in the sections of the Code above cited, which manifest a disposition on the part of the law-making power that a party shall not be deprived of the important right of appeal by reason of some mistake or inadvertence in taking some step necessary to perfect his appeal, after he has given due notice of his intention to appeal, this Court, without undertaking to review the previous cases upon the subject, has determined to lay down a rule for the guidance of the bar, which will carry out what we understand to be the true intent and spirit of the legislation upon the subject. This rule may be stated as follows: Whenever this Court is satisfied, from the showing made, that a party has, in good faith, given due notice of his intention to appeal within the time prescribed by law, and has, through

an honest mistake, either of law or fact, or through excusable inadvertence, or from sickness or other cause beyond his control, has omitted to take some step necessary to perfect his appeal, this Court will relieve the party from the effect of such omission, upon such terms as may seem to the Court to be just under the circumstances of the case. But, in doing so, care will be taken to prevent, as far as possible, any injury, by delay or otherwise, to the respondent, whose rights are as much entitled to be respected as are those of the appellant.

In this case, the showing made has satisfied us that this appeal has been taken and will be prosecuted in good faith, and that the mistakes, both of law and fact, into which appellant has fallen were not the result of any culpable negligence, but were just such mistakes as the statute was intended to relieve against. Ordinarily, this Court would be disposed to impose a condition upon the appellant, whereby the respondents should not lose a term; but in this case such a condition cannot be imposed, inasmuch as the "Case" has not yet been settled by the Circuit Judge, and until that has been done, the appeal cannot be heard.

It is, therefore, ordered, that the motion to reinstate the appeal be granted, provided the case be prepared for a hearing at the next term of this Court; and if this be not done, then the appeal will stand dismissed.