## BADHAM v. BRABHAM.

1. PRACTICE—PLEADINGS—FRIVOLOUS ANSWER—DEMURRER.—A plaintiff serving written demurrer to an answer on the ground that it does not state facts sufficient to constitute a defense, may at such time make motion to strike out such answer as frivolous.   Code 268, construed.

2. IBID.—CHAMBERS—CIRCUIT JUDGE—FRIVOLOUS ANSWER—JUDGMENT BY DEFAULT.—After striking out at chambers an answer as frivolous, the Judge cannot *then and there* give judgment by default.

3. PLEADINGS—CLAIM AND DELIVERY.—No counter-claim for damages can be set up in an action in claim and delivery, unless perhaps equitable relief may be demanded under certain exceptional circumstances.

4. PLEADINGS.—ANSWER held to admit the allegations of the complaint.

5. IBID.—CLAIM AND DELIVERY—EVIDENCE.—In an action in claim and delivery, extension of time for payment of property has no relevancy in determining plaintiff's right to the possession of the property.

Before WATTS, J., Barnwell, April, 1898.   Modified.

Action in claim and delivery by V. C. Badham *v.* H. C. Brabham.   From order striking out answer, and giving judgment by default, defendant appeals.

*Mr. Jas. E. Davis,* for appellant, cites: *Answer is not frivolous:* 2 S. C., 423; 4 How. Pr. R., 156; 15 Abbotts Prac. R., 346.

*Messrs. Bellinger, Townsend & O'Bannon,* contra, cite: *There is no limited time in which motion for judgment on frivolous answer is to be made:* 5 How. Pa., 247; 4 Wash.,

369; 94 Cal., 665. *Second exception too general:* 51 S. C., 55. *Answer denies no material allegation of complaint:* 15 Abb. (N. C.), 298; 32 S. C., 243; 97 N. Y., 370. *Where property is in Court, judgment not in the alternative is harmless:* 43 Ark., 535; 30 N. W. R., 11. *No counter-claim can be pleaded in actions of this kind:* 15 S.C., 461; 30 S. C., 167.

March 20, 1899. The opinion of the Court was delivered by.

MR. JUSTICE GARY. The appeal is from an order of his Honor, Judge Watts, which is as follows: "The above entitled cause coming on to be heard before me as presiding Judge in the Second Circuit, at my chambers in Bamberg, S. C., on a motion by plaintiff for judgment on the answer as frivolous under section 268 of the Code of Civil Procedure. After hearing the complaint, answer and notice of the motion read, Mr. G. Duncan Bellinger, of counsel for the plaintiff, in support of the motion, and Jas. E. Davis, counsel for the defendant, in opposition thereto, I hold that the answer is frivolous. The complaint alleges that the plaintiff is the owner of certain specific personal property therein described, of the aggregate value of $650, in the possession of the defendant, who detains same and refuses to deliver it to the plaintiff, although he has made a demand for such delivery; stating a cause of action for claim and delivery of specific personal property under the Code. The answer admits the allegations of the complaint, and attempts to set up certain breaches of covenant or agreement in reference to the sale of certain personal property by plaintiff to defendant, at what price is not stated, also part payment for such machinery, and an extension of time for the payment of the balance. A taking of said property from the possession of plaintiff under these proceedings of claim and delivery, to his damage in the sum of $2,000, as an affirmative defense, and for a counter-claim denies each and every other allegation in the complaint. The allegations in the complaint having

26—54

been admitted, it is only necessary to refer to the cases of *Willams* v. *Irby*, 15 S. C., 461; *Talbott* v. *Padgett*, 30 S. C., 167; *Singer Mfg. Co.* v. *Smith*, 40 S. C., 529; and *Finley* v. *Cudd*, 42 S. C., 121, to see that the answer fails to deny any allegations of the complaint as a defense, or to state any new matter which could avail defendant as an affirmative defense or counter-claim in this action. It presents no issues which can be determined in this action, and is, therefore, frivolous. *Tharin* v. *Seabrook*, 6 S. C.,118; *American &c. Sewing Machine Co.* v. *Hill*, 27 S. C., 164; *Grayson* v. *Harris*, 37 S. C., 607. It is, therefore, ordered and adjudged, that the answer of the defendant herein be, and hereby is, overruled as frivolous, and that the plaintiff, V. C. Badham, have judgment thereon against H. C. Brabham, the defendant, for the possession of the property described in the complaint, or $650, the value thereof, in case delivery cannot be had."

The exceptions allege error on the part of the Circuit Judge in the following particulars: "1. That his Honor, Judge Watts, had no jurisdiction, the issue having already been joined by service of the written demurrer to the defendant's answer, and the said demurrer not having been adjudicated. 2. That Judge Watts erred in holding that the answer was frivolous. 3. That he also erred in holding that the property described in the plaintiff's complaint was of the alleged value of $650. Whereas the plaintiff demands judgment for the possession of said property or $650, the value thereof, and $250 damages, there being no proof before him subject to cross-examination or notice to defendant by way of affidavit; and hence his Honor erred in adjudging defendant's property to be the property of the plaintiff, or $650, the value thereof. 4. Because his Honor erred in holding that damages could not be set up in an action for claim and delivery, and in misconstruing the cases of *Williams* v. *Irby*, 15 S. C., 461, and *Talbott* v. *Padgett*, 30 S. C., 167. 5. That his Honor erred in holding that the answer failed to deny any of the allegations in the complaint that could be determined in this action either by way of an affirmative de-

fense or counter-claim.    6. The Court erred in holding the answer frivolous, and overruling the same, and allowing plaintiff judgment for the possession of the property described in the complaint, or $650, the value thereof, in case a delivery cannot be had.    Whereas it is respectfully submitted that said property has been taken from the defendant, advertised, sold, and the proceeds retained by said plaintiff.    7. The Court erred in striking out said answer as frivolous, because the allegations of same show conclusively, outside of any other facts, that the defendant paid plaintiff $103 outside of the consideration or purchase money, to extend the time of payment on new contract."

1. At the time the plaintiff served notice of motion, mentioned in the order aforesaid, he interposed a demurrer to the answer on the ground that it did not state facts sufficient to constitute a defense, for the reasons therein stated.    Section 268 of the Code is as follows: "If a demurrer, answer or reply be frivolous, the party prejudiced thereby, upon a previous notice of five days, may apply to a Judge of the Court, either in or out of the Court, for judgment thereon, and judgment may be given accordingly."    The statute does not provide at what stage of the proceedings the motion shall be made, except upon a previous notice of five days.    The plaintiff had the right to demur to the answer on the ground that it did not state facts sufficient to constitute a defense at any time before the issues were adjudicated, and the fact that he interposed this demurrer at the time mentioned, in no way militated against his right to make the motion to strike out the answer as frivolous.    The first exception is therefore overruled.

2. The second exception fails to specify in what particulars the Circuit Judge erred.    It will be seen, however, in considering the other exceptions, that it cannot be sustained.

3. As hereinbefore stated, the motion was made before his Honor at chambers.    The only power which he could then exercise was to adjudge whether the answer was frivolous.    After the answer was struck out, the plaintiff

had the right to a judgment by default, but this could only be taken in open Court. In the case of *Turner* v. *Foreman,* 47 S. C., 31, it was decided that a Circuit Judge, at chambers, did not have the power to set aside a judgment, and for reasons, fully as cogent, he can not render a judgment at chambers. Such a practice would lead to endless confusion. The third exception is sustained.

4. The question raised by the fourth exception has several times been considered by this Court, and the conclusion of the presiding Judge is fully sustained by the authorities which he cited. In the case of *Ludden & Bates* v. *Hornsby,* 45 S. C., 111, Mr. Justice Pope, who delivered the opinion of the Court, quotes with approval the following language from Pomeroy's Code Remedies (section 767) : "It would seem that in an action to recover possession of specific chattels, no counter-claim is possible, *unless, perhaps, equitable relief may be demanded under some exceptional circumstances.*" In that case the plaintiffs brought an action for claim and delivery of an organ, and the defendant was allowed to set up as a defense that the plaintiffs had practiced fraud on her in the sale of the instrument. But there are no exceptional circumstances in this case entitling the defendant to *equitable* relief. The fourth exception is overruled.

5. The fifth exception fails to point out what allegations in the complaint are denied by the answer, but waiving this objection the exception can not be sustained. The first paragraph of the answer is as follows : "That he admits all the allegations of the said complaint save those, or such as are hereinafter denied," and the only defenses relied upon are of an affirmative nature.

6. The sixth exception is disposed of by what was said in considering the other exceptions.

7. There is nothing in the case showing that the right of property was to remain in the defendant during the extension of time alleged in the answer, and we fail to see what relevancy the alleged extension of time of pay-

ment has in determining the plaintiff's right to the possession of the property in an action for claim and delivery. The seventh exception is overruled.

The judgment of the Circuit Court is modified in the particulars hereinbefore mentioned.