### 9326

SARRATT *ET AL.* v. CASH *ET AL.*, BOARD OF SCHOOL TRUSTEES.

(88 S. E. 259.)

1. APPEAL AND ERROR—PERFECTION OF APPEAL—RELIEF FROM FAILURE.—Whenever the Supreme Court is satisfied that a party has in good faith given due notice of his intention to appeal within the time prescribed by law, and has, through an honest mistake of law or fact, or excusable inadvertence, sickness, or other cause beyond his control, such as pressure of business upon his attorney, omitted to take some step necessary to perfect his appeal, the Court will relieve the party from the effect of such omission upon just terms, though care will be taken to prevent any injury to the respondent.

2. APPEAL AND ERROR—GRANTING AT CHAMBERS OF MOTION TO DISMISS APPEAL—JURISDICTION.—A Circuit Judge at chambers had no jurisdiction to grant appellee's motion for an order declaring an appeal abandoned and dismissed, since, except by consent of all parties, and in cases specifically provided for by statute, a Judge at chambers has no jurisdiction to give final judgment or to render a final decision on the merits, while an order dismissing an appeal *is* in effect a final judgment.

Before SMITH, J., Gaffney, May, 1915.    Reversed.

Action by R. C. Sarratt and others against E. R. Cash and others, as Board of Trustees of School District No. 10 of the county of Cherokee.    There was judgment for defendants, and plaintiffs appealed.    From an order declaring the appeal abandoned and dismissing it, plaintiffs appeal. Order reversed.

*Messrs. G. W. Speer,* for appellants, cites: *As to leave to perfect appeal:* Code Civ. Proc., secs. 387, 388.    *Power of Judge at chambers:* Civil Code, sec. 3833.    *Final judgment:* Code Civ. Proc., sec. 304; *Ib.* 440; 34 S. C. 132; 47 S. C. 31; 14 S. C. 517; 52 S. C. 505.

*Messrs. Butler & Hall* and *Bomar & Osborne,* for respondents, cite: *As to orders at chambers:* 12 S. C. 122; 14 S. C. 11; 57 S. C. 75; 26 S. C. 99; 55 S. C. 379; 51 S. C. 379; 45 S. C. 413; 80 S. C. 77; 64 S. C. 428; 52 S. C. 305. *Failure to perfect appeal:* Code Civ. Proc., secs. 384, 378, 387, 388; 49 S. C. 377; 12 S. C. 559; 24 S. C. 138; 14 S. C. 166; 16 S. C. 115; 75 S. C. 546.

*Messrs. Sanders & DePass,* for appellants, cite: *As to powers at chambers:* 55 S. C. 381; 64 S. C. 543; 47 S. C. 31; 54 S. C. 400; 75 S. C. 545.    *When leave to perfect appeal will be granted:* 39 S. C. 550; 91 S. C. 343; 75 S. C. 545.

March 13, 1916. ·

The opinion of the Court was delivered by MR. JUSTICE HYDRICK.

The decree of the Circuit Court dismissing the complaint herein was filed January 23, 1915.    Plaintiffs' attorneys gave due notice of intention to appeal, but failed to serve their proposed case within 30 days thereafter, as required

by the Code of Procedure. On March 27th defendants'
attorneys notified plaintiffs' attorneys that they deemed the
appeal abandoned. Plaintiffs' attorneys promptly replied
that they had not abandoned their appeal, but would per-
fect it, and stated the reasons why the proposed case had
not been served, as they hereinafter appear. On April
13th plaintiffs' attorneys served their proposed case, which
defendants' attorneys accepted "without waiving any legal
rights." On April 27th defendants' attorneys moved before
Judge Smith, at chambers, for an order declaring the appeal
abandoned, and dismissing it. The motion was resisted on
the ground that the Judge had no jurisdiction to grant the
order at chambers; but, if so, he should, in the exercise of
his discretion, refuse it. Both grounds were overruled,
and the order was granted.

It appeared, from the affidavits of plaintiffs' attorneys,
that it is the custom among the attorneys of the Spartan-
burg and Gaffney bars, at which these gentlemen practice,
when due notice of appeal has been given, to waive strict
compliance with the statutes and rules of Court in the tak-
ing of subsequent steps necessary to perfect their appeals,
unless timely notice is given by attorneys for respondents
of their intention to require strict compliance with the stat-
utes and rules; that no such notice was given in this case,
and that, in reliance upon the custom, plaintiffs' attorneys
had allowed more than the 30 days prescribed by statute
for serving their proposed case to elapse; that, when they
received the notice of respondents' attorneys of March 27th,
Mr. Sanders, who had active charge of the case, and was
to prepare the proposed case, was busily engaged from day
to day in the trial of cases in the Court of Common Pleas
at Spartanburg, and had no time to prepare the proposed
case during the sitting of that Court, but that he did so, as
soon as practicable after the judgment of that Court.

At the hearing of this appeal, plaintiffs' attorneys moved
this Court, upon due notice, on the ground above stated, to

reinstate the appeal, under the power given this Court by section 388 of the Code of Procedure, and their motion was granted. It necessarily follows that this Court is of the opinion that the Circuit Judge erred in exercising his discretion in granting the motion to dismiss.

The rule adopted by this Court in such matters, which is intended for the guidance of the bar and the Circuit bench, is thus stated in *Crosswell* v. *Association,* 49 S. C. 374, 27 S. E. 388:

"Whenever this Court is satisfied, from the showing made, that a party has, in good faith, given due notice of his intention to appeal within the time prescribed by law, and has, through an honest mistake, either of law or fact, or through excusable inadvertence, or from sickness or other cause beyond his control, has omitted to take some step necessary to perfect his appeal, this Court will relieve the party from the effect of such omission, upon such terms as may seem to the Court to be just under the circumstances of the case. But, in doing so, care will be taken to prevent, as far as possible, any injury, by delay or otherwise, to the respondent, whose rights are as much entitled to be respected as are those of the appellant."

We are also of the opinion that the Circuit Judge had no jurisdiction to grant the motion at chambers. It is conceded that such power is not conferred in express terms by any statute or rule of Court, and we do not think that it can be implied from the language of the statutes or rules of Court, or that it is incidental to any of the powers so conferred upon Judges at chambers. In *Turner* v. *Foreman,* 47 S. C. 31, 24 S. E. 989, it was held that a Judge at chambers had no jurisdiction to set aside a judgment. In *Badham* v. *Brabham,* 54 S. C. 400, 32 S. E. 444, it was held that a Judge at chambers had no jurisdiction to render judgment by default. It has been frequently held that, except by consent of all parties and in the cases specifically provided for by statute, a Judge at chambers has

no jurisdiction to give final judgment or to render a final decision on the merits. While an order is not strictly or usually a final judgment, it may be such in effect, and such was the effect of the order granted in this case. It must, therefore, on principle and the authority of the cases cited, be reversed.

Order reversed.