18277

John ALTMAN, Appellant, v. MIDLAND STEEL CORPORATION, Respondent

(138 S. E. (2d) 832)

*Messrs. Whaley & McCutchen, Hoover C. Blanton,* and
*B. Eugene Mixson, Jr.,* all of Columbia, *for Appellant,* ██

*Messrs. McLain, Sherrill & Wilkins,* of Columbia, *for
Respondent,*

*Messrs. Whaley & McCutchen, Hoover C. Blanton* and
*B. Eugene Mixson, Jr.,* all of Columbia, *for Appellant,* ██

November 10, 1964.

*Per Curiam.*

This is an action to recover upon an express contract of
employment for services allegedly performed by the appellant
relating to the organization of the respondent corporation.
Upon the service of the complaint, the respondent filed an
answer which admitted the contract of employment but
denied that the services were rendered by the appellant in
accordance with the terms of the contract. The answer also
contained a counterclaim for damages which allegedly re-
sulted from the negligent failure of the appellant to perform
the contract as agreed. Motion was then made by the appel-

lant to strike the entire answer and counterclaim as sham, irrelevant and frivolous and, in the alternative, certain designated portions thereof upon the same grounds. The lower court denied the foregoing motions, except for three paragraphs of the answer which were ordered stricken as being redundant, and this appeal followed.

While the exceptions before this court are ten in number, the assignment of error in each is substantially the same. Each is substantially to the effect that the lower court erred in refusing to strike the pleadings as sham, irrelevant, and frivolous "for the reason that the answer and counterclaim are sham, irrelevant, and frivolous and constitute no defense to the plaintiff's action."

The exceptions are entirely too general, vague and indefinite to be considered and do not comply with Rule 4, Section 6, of this court. *Fruehauf Trailer Co. v. McElmurray,* 236 S. C. 141, 113 S. E. (2d) 756; *Morgan-Austin Co. v. Allison,* 123 S. C. 360, 116 S. E. 446; *Badham v. Brabham,* 54 S. C. 400, 32 S. E. 444.

Consequently we do not attempt to pass specifically upon any of the exceptions or the merits, if any, of the appeal. However, even if we waive the failure to comply with the rule, as appellant urges us to do, a cursory examination of the record does not indicate any substantial error on the part of the lower court. With respect to most of the allegations complained of, the refusal of the lower court to strike was in accordance with the principles enunciated in *Etiwan Fertilizer Co. v. Johns,* 202 S. C. 29, 24 S. E. (2d) 74.

Appeal dismissed.

TAYLOR, C. J., and MOSS, LEWIS, BUSSEY and BRAILSFORD, JJ., concur.