STATE v. JOHNSON.

APPEAL—CIRCUIT COURT—SUPREME COURT.—JURISDICTION.—The jurisdiction of this Court to the exclusion of the Circuit Court does not attach until "Return" is filed; and until an appeal is perfected, as required by Code, 345, the Circuit Court may adjudge it abandoned.

Before BENET, J., Laurens, February, 1898. Affirmed.

Indictment of John Johnson for murder. From order declaring appeal abandoned and resentencing defendant, he appeals.

*Mr. N. B. Dial*, for appellant.

*Assistant Attorney General*, contra (both oral arguments).

July 5, 1898. The opinion of the Court was delivered by Mr. Justice Jones. At the October term, 1897, of the Court of General Sessions for Laurens County, appellant was convicted of murder, and sentenced. In proper time, notice of intention to appeal was given; but, so far as appears, nothing more was done by appellant to perfect his appeal. Then, at the February term, 1898, Judge Benet passed the following order: "Whereas the defendant, John Johnson, was, at the October term, 1897, of the Court of General Sessions for said county, convicted of murder, and the sentence of death passed upon him; and whereas the said John Johnson gave due notice of appeal to the Supreme Court of the State from the said sentence and judgment of the Court, and the execution of the sentence was thereby suspended; and whereas the said appeal was not perfected within the time allowed by law, but was abandoned; and whereas the time fixed for the execution of the sentence has passed; now, on motion of T. S. Sease, solicitor, it is ordered, that the said John Johnson be brought to the bar of the Court to be resentenced." After signing this order, Judge Benet resentenced the defendant.

From this sentence and judgment appeal is now taken upon the following grounds: "1. Because the presiding Judge erred in resentencing the defendant while the former appeal was pending. 2. Because he erred in passing the said order against the protest of defendant's attorney."

The second exception need not be further noticed, as it presents nothing for the consideration of this Court.

The first exception assumes as a fact that an appeal is pending in this Court from the judgment rendered at the October term, 1897; whereas the order of Judge Benet above quoted distictly adjudges that such appeal was not perfected, but was abandoned; and it is not alleged that there was any error in so finding. It is true, it appears in the "Case" that the attorneys for the defendant, on the hearing when the above order was moved for, "stated that the appeal had not been abandoned." But it is provided in sec. 345, sub-

div. 3, of the Code, applicable also to appeals in criminal cases, that "Whenever the appellant shall fail to perfect his appeal, his failure to do so shall amount to a waiver thereof, unless the Court permit the appeal to be perfected, as provided in sections 339 and 349;" and it is not suggested even that any steps to perfect the appeal were attempted after the service of the notice of intention to appeal, nor is it suggested that any permission to perfect the appeal has ever been sought or desired. Besides this, as stated before, there is no exception imputing error in the finding of Judge Benet that the appeal was not perfected but was abandoned, and this Court will not assume any fact inconsistent with the facts found in the order of Judge Benet. Under sec. 73, Criminal Code, the notice of appeal stayed the execution of the sentence "until the appeal is finally disposed of." An appeal is finally disposed of when it is declared abandoned by competent authority. While, under sec. 349 of the Code, this Court has power, after notice of appeal, to permit any act to be done necessary to perfect the appeal, and while it has power to prescribe rules for the conduct of its business, including dismissal of appeals for want of prosecution, as in Rule 1 of this Court, yet its jurisdiction proper to the exclusion of the Circuit Court does not attach until the filing of the "Return." *Pickens* v. *Quillian,* 31 S. C., 602. Certainly, until an appeal is perfected as required by sec. 345 of the Code, it is within the power of the Circuit Court to declare that the appeal has been abandoned. If, therefore, the appeal has been abandoned, as declared by the Circuit Court, it was proper for that Court to fix a new day for the execution of the sentence of that Court.

The judgment of the Circuit Court is affirmed.