SAVERANCE v. LOCKHART.

APPEAL—COSTS.—An appeal is taken when notice of intention to appeal is served, and when such notice was served before the passage of the act relating to costs in Supreme Court (23 St., 620,) and return or agreed case was not filed until after passage of act, prevailing party on appeal is not entitled to tax costs under the act.

Before PURDY, J., Florence, June, 1902.    Reversed.

Action by R. G. Saverance against W. J. Lockhart. From order as to taxation of costs, plaintiff appeals.

*Messrs. Wilcox & Wilcox,* for appellant, cite: 23 Stat., 620; 2 Ency. P. & P., 237; Code of Proc., 345, 339, 340, 342, 346, 348, 349, 354, 355, 356.

*Mr. W. F. Clayton,* contra (oral argument).

July 3, 1903.    The opinion of the Court was delivered by

MR. JUSTICE JONES: This appeal is from an order of the Circuit Court correcting taxation of costs by the clerk. After the judgment of this Court was rendered in this case, 57 S. C., 131, 35 S. E., 505, the Circuit Court on June 2, 1900, made an order to carry said judgment into effect. From this order notice of intention to appeal was served within ten days thereafter, and the appeal to this Court was heard upon an agreed case, which was filed in lieu of a return in November, 1901, resulting in a modification of the order appealed, 63 S. C., 74, 40 S. E., 1026. The defendant,

as prevailing party in last named appeal, applied to the clerk of court for Florence County to tax costs in his favor, including $10 for brief and $25 for argument in Supreme Court. The clerk refused to allow these items, but on appeal the Circuit Court, Judge Purdy, adjudged that defendant was entitled to said costs, holding that this appeal was "taken to the Supreme Court when the return as agreed case was filed in November, 1901, and not when the notice of intention to appeal was served in June, 1900, and that, therefore, defendant had a right to such costs under the act of February 20, 1901."

We think the Court committed error in so holding. The act in question provides: "That from and after the passage of this act, when an appeal is taken to the Supreme Court of this State, the following costs shall be allowed in all classes of cases, legal or equitable: for plaintiff's or defendant's attorneys for making and serving a case or a case containing exceptions, $10 * * *; on argument in the Supreme Court, $25." Approved February 20, 1901 (23 Stat., 620). If the appeal was taken when the notice of intention to appeal was served in June, 1900, the act would not apply, but if the appeal was not taken until the filing of the agreed case or return in November, 1901, the act would apply. The question, then, is: when is an appeal taken to the Supreme Court in the sense of this statute? We think such an appeal is "taken" when notice of intention to appeal is served, as required by law. In 2 Ency. Pl. and Prac., 237, it is stated: "An appeal is taken where a legal condition is performed which terminates the running of the statute limiting the time for taking it * * * Under Code practice, an appeal is taken by serving and filing the notice of appeal." An examination of the statute, the rules of Court and the decisions of this Court will show that the expressions, "notice of intention to appeal" and "notice of appeal," are used interchangeably and mean the same thing. Sec. 339, Code Civil Procedure, provides that an appeal from an order, judgment or decree, *must be made* by the

service of a notice in writing stating the appeal from the same, and further provides that when notice of appeal is given in good faith, the Court may permit amendment necessary to perfect the appeal. Sec. 345 provides the time within which such notice of appeal, or notice of intention to appeal, must be given, viz: within ten days after written notice of the order granted, or decree or judgment rendered, from which appeal is taken, and in other cases within ten days after the rising of the Circuit Court. After such time no appeal can be taken, and Courts have no power to extend the time within which the notice of appeal must be served. *Renneker* v. *Warren,* 20 S. C., 481, sec 348, Code Civil Procedure. But when such notice has been served within the time required by law, sections 339 and 349, Code Procedure, give the Court discretionary power to permit acts to be done necessary to amend or perfect an appeal. The language in the proviso to sec. 349, "provided, that the Court shall be satisfied that the *appeal was taken bona fide,* and provided, that notice of the same was given as now required by law," shows clearly that an appeal is deemed "taken" when notice of appeal has been duly served, although there are other acts necessary to be done to perfect the appeal. The notice of appeal duly served is an essential part of an appeal, a *sine qua non,* and when given as required by law, a legal condition is performed which terminates the running of the statute limiting the time for taking an appeal. While the jurisdiction of the Supreme Court does not attach to the exclusion of the Circuit Court until the filing of the return or agreed statement in lieu thereof, still, after the notice of appeal is duly served, the Supreme Court has jurisdiction to permit acts to be done necessary to perfect an appeal, and has power to prescribe rules for dismissal of appeals for want of prosecution, as provided in Rule 1. Sec. 349, Code Procedure, *State* v. *Johnson,* 52 S. C., 507, 30 S. E., 592.

The judgment of the Circuit Court is reversed, and the taxation of costs as made by the clerk is approved.