8080

GREER v. KEATON.

(82 S. E. 424.)

APPEAL AND ERROR.   PRACTICE.   COSTS.

A Judge cannot require respondent in a law case to pay costs of printing case on appeal, and his order vacating such direction affects no substantial right of the appellant, and is not reviewable on appeal. An order settling case is reviewable on appeal.

Before BOWMAN, J., Anderson, June, 1913.   Appeal dismissed.

Action by Harrison Greer, *alias* Hack Greer, against W. N. Keaton. The first order settling case on appeal was as follows:

"The 'Case' and exceptions in this case with the amendments thereto submitted by defendant's attorneys, was sub-

mitted to me for the purpose of settling the case for appeal, as the appellant declined to accept the proposed amendments as necessary to said appeal. I hereby decide that the case for appeal in this action shall be the case with the exceptions submitted by Messrs. Bonham, Watkins and Allen, attorneys for the defendant-respondent, with the following amendments: The original proceedings in the magistrate's Court were brought by George Orr, Esq., of Greenville, S. C., and later Messrs. Geiger and Wolfe substituted for him. It should be stated in the case that the original proceedings were brought by George Orr, plaintiff's attorney, and that subsequently Messrs. Geiger and Wolfe were substituted as plaintiff's attorneys in the place and stead of George Orr, Esq.

"On page 3, there should be a full stop after the word 'reversal' and after the word 'venue' the following words should be added: 'was had upon motion of the defendant.'

"I further decide that the printing of the testimony should be paid for by the defendant. I so decide, as I think the printing of the testimony would not be necessary for appellant's case, but it will be necessary for respondent's case."

Thereafter, to wit, on 12th September, 1913, Judge Bowman, at his chambers at Orangeburg, S. C., made the following order (omitting caption):

"This is a motion by plaintiff-appellant for an order, supplemental to the order heretofore passed by me settling the 'Case' for appeal to the Supreme Court, to require the defendant-respondent to pay for transcribing and printing the testimony, and to require the sum of sixty-eight dollars, the estimated cost thereof, to be deposited by him in advance with the clerk to defray said expense.

"Upon mature consideration I think that the matter of costs and disbursements upon appeal is fully covered by statute and should be taxed against the losing party on said appeal, and that I have no authority to provide who is to pay the same. It follows, therefore, that so much of my former

order as provides that the respondents shall pay the costs must be vacated, and that the motion must be refused, and it is so ordered.

"It is further ordered that such time as may be necessary for perfecting said appeal and having the same printed and docketed be given, not to exceed thirty days from the date of this order."·

From the order of September 12, 1913, the plaintiff appeals.  The facts are stated in the opinion of the Court.

*Messrs. Geiger & Wolfe,* for appellant, submit: *The action is equitable, and costs in discretion of the Court:* 27 S. C. 15.  *Unnecessary expense to incorporate irrelevant matter in case:* 97 S. C. 226.  *Modification was without notice to plaintiff:* 7 S. C. 235.

*Messrs. Bonham, Watkins & Allen,* for respondent, submit: *That order is not appealable:* 8 S. C. 50, 61, 62; 85 S. C. 262; 45 S. C. 4; 11 S. C. 122, 134, 135.  *Costs should await decision of Supreme Court:* 6 S. C. 290, 291; 28 S. C. 181, 186; 81 S. C. 313, 316; 73 S. C. 18, 20.  *What is a substantial right:* 53 N. Y. 322, 329.  *Costs on appeal abide result of appeal:* Civil Code 1912, sec. 4204; Code Civil Proc. 1912, sec. 361; 25 S. C. 243, 246; 45 S. C. 4, 7; 93 S. C. 316, 317; 47 S. C. 150, 164; 81 S. C. 313; 66 S. C. 385. *Contents of case:* 56 S. C. 304, 312; 58 S. C. 469, 474; 42 S. C. 183, 184, 369, 380; 53 S. C. 295; 51 S. C. 503; 57 S. C. 44.  *Judge must settle case:* Code Civil Proc. 384; Rule V, Supreme Court; 62 S. C. 293, 294; 20 S. C. 190, 195.  *Not prejudicial to vacate an order made beyond jurisdiction:* 92 S. C. 172.

July 16, 1914.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

The cause was tried before Judge Bowman and a jury at the June term of the Court for Anderson county, 1913, and was one for an accounting between landlord and tenant. At the conclusion of the testimony defendant's counsel moved the Court to direct a verdict in favor of the defendant on two grounds: (1st) That there was no testimony to support a verdict for the plaintiff, and (2d) that the records showed the pendency of another action. The Court refused the motion on the first ground, but directed a verdict upon the second ground. From this order the plaintiff gave due notice of intention to appeal, and served defendant's counsel with proposed case with exceptions. Defendant's counsel declined to agree to the case as proposed for appeal, but proposed an amended case incorporating a transcript of the entire testimony. When they appeared before the trial Judge to settle the case, he adopted and settled the case for appeal as amended, but ordered that inasmuch as the testimony was not necessary to the plaintiff's case, but was necessary to the defendant's case, that the defendant pay the cost of printing the same. After this plaintiff's counsel served notice of a motion to have the trial Judge require the defendant to deposit such costs as were necessary to defray costs of making and printing the testimony in accordance with the order of the Judge with the clerk of Circuit Court. On September 12, 1913, the trial Judge passed an order vacating his former order, wherein he had required the defendant to pay in advance the expenses of transcribing and printing the testimony in the case for the purpose of appeal, from this last order plaintiff appealed. Both orders of the Judge should be set out in the report of the case. After due notice given, the respondent moved to dismiss the appeal, on the ground "that the same is not appealable." The sole question raised by appellant's exceptions in this appeal is whether the insertion of the words in the order by the Judge "that so much of my former order as provided that the respondent shall pay the costs be vacated" was

prejudicial to the appellant. The trial Judge had no power or authority to direct in advance who should pay the costs of appeal from the judgment directed by him, and when a motion was made before him to enlarge the order that he had erroneously made by requiring that a fixed amount, to wit, $68.00, the estimated cost, be deposited with the clerk, it was within his power to vacate that part of his order that he had made without authority or power to so do. He had jurisdiction of the whole matter; he had tried the cause which was appealed from. The attorneys could not agree on the case for appeal, and, under rule V of the Supreme Court, it was his duty to settle the case for appeal and the duty of appellant to prepare the case as fixed by him for appeal, and if dissatisfied with his ruling to have excepted and questioned the correctness thereof when the cause was heard on its merits. This was not such a case in chancery that the Judge had it within his discretion to award costs. It was not an 'accounting in equity that involved long and complex accounting. There was no complexity in the matter, but an action at law for a specific sum of money alleged to be due to plaintiff by defendant, one being the landlord and the other tenant, tried as a law case before Judge and a jury. It was treated as an action at law with issues triable before a jury by all parties. The Circuit Judge was without jurisdiction to direct in advance who should pay the costs of appeal. His order to that effect in the first instance was a nullity, and he had the right to vacate it when a further application was made to him to enlarge that order and for the purpose of carrying it into effect, the vacation of the order did not affect any substantial right of the appellant and was not appealable. If Circuit Judge required the printing of unnecessary evidence and imposing unnecessary expense, an appeal from this would lie, to be heard with the exceptions when case was heard upon the merits.

Order appealed from affirmed.