10992

RYLEE v. MARETT, SHERIFF

(113 S. E., 483)

1. APPEAL AND ERROR—STIPULATION TO ALLOW PLAINTIFF'S PROPOSED CASE TO CONSTITUTE RETURN NO BAR TO DEFENDANT'S RIGHT TO APPEAL FROM ORDER REFUSING TO DISMISS PLAINTIFF'S APPEAL.—Where defendant appealed from an order of the Circuit Judge refusing to dismiss plaintiff's appeal because case and exceptions were not filed in time, the fact that defendant agreed to allow plaintiff's proposed case and exceptions to constitute the return for plaintiff's appeal was not a relinquishment of defendant's right to prosecute his appeal.

2. APPEAL AND ERROR—CIRCUIT JUDGE EMPOWERED TO DISMISS UN-
PERFECTED APPEAL.—Where no return has been filed, the Circuit
Judge is empowered to hear motion to dismiss an appeal, since
under Supreme Court Rule 23 (90 S. E., xi) the jurisdiction of
that Court does not attach, to the exclusion of the Circuit Court,
until an appeal is perfected as required by Code Civ. Proc. 1912,
§ 384.

3. APPEAL AND ERROR—CIRCUIT JUDGE SHOULD DISMISS UNPERFECTED
APPEAL, WHERE CASE AND EXCEPTIONS NOT DULY SERVED AND CASE
IS NOT IN APPELLATE COURT.—Where appellant's case and exceptions
on appeal had not been' served within the time required by Circuit
Court, rule 50 and Code Civ. Proc., 1912, § 384, no extension of
time as authorized by section 387 had been granted by the Judge
who heard the cause, or by a Supreme Court justice, and no ap-
plication had been made to the Supreme Court for permission to
perfect the appeal, as authorized by section 388, and no return had
been filed in the Supreme Court, the Circuit Judge on motion should
dismiss the appeal.

4. APPEAL AND ERROR—STATUTE HELD NOT TO AUTHORIZE CIRCUIT
JUDGE TO EXTEND TIME TO PERFECT APPEAL.—Code Civ. Proc., 1912,
§ 225, authorizing the Circuit Court to allow an answer or reply to
be made, or other act done, after the time limited by statute had
elapsed, did not authorize that Court to extend the time for per-
fecting an appeal, as this statute refers to Circuit Court procedure
prior to appeal, and section 384 provides that failure to perfect
an appeal amounts to a waiver of it, unless the Court permits
the appeal to be perfected as provided in sections 378 and 388.

5. APPEAL AND ERROR—APPEAL FROM CIRCUIT COURT'S REFUSAL TO
DISMISS CONSIDERED AS MOTION TO DISMISS.—Where plaintiff appealed
from a judgment for defendant, and defendant appealed from the
Circuit Court's refusal to dismiss the appeal, since it is not clear
that the Circuit Court's order is within Code Civ. Proc., § 11, specify-
ing the judgments, decrees, and orders the Supreme Court has
jurisdiction to review, defendant's appeal will be considered as a
motion to dismiss.

6. APEAL AND ERROR—ATTORNEY FAILING TO PERFECT APPEAL WITHIN
REQUIRED TIME BECAUSE OF PRESSURE OF OTHER WORK, NOT EN-
TITLED TO EXTENSION OF TIME.—Where an attorney, due to the
pressure of other office work, failed to perfect his client's appeal,
he was not entitled to an extension of time under Code Civ. Proc.,
§ 388, providing that where a party, through mistake or inadvertence,
fails to do an act necessary to perfect an appeal, the Supreme
Court may permit the act to be done.

7. APPEAL AND ERROR—NO EXTENSION OF TIME FOR PERFECTING AP-
PEAL AFTER PARTIES CHANGE THEIR POSITION.—Where, after a

judgment for defendant in action to recover an automobile, plaintiff served notice of appeal by leaving a copy on the desk of defendant's attorney, but, because this notice was not seen by the latter, he advised his client to sell the automobile, which was done after the time had expired for the serving of the case with exceptions, the selling price being much lower than the alleged value, though the failure to serve the case with exceptions was due to excusable inadvertence, the parties have changed their position, and the Supreme Court will not extend the time for serving the case with exceptions.

8. APPEAL AND ERROR—SUPREME COURT REQUIRED TO ENFORCE STATUTORY MANDATORY RULES GOVERNING APPEALS.—While a liberal construction should be given the Constitution and statutes in favor of the right of appeal, it is the Supreme Court's duty to enforce mandatory statutory requirements on which the privilege of appeal may be exercised, for, under Const., Art. 5, § 4, the Supreme Court is a Court for the correction of errors of law under such regulations as the Legislature may prescribe.

9. CONSTITUTIONAL LAW—LAX OBSERVANCE OF REGULATIONS GOVERNING PERFECTION OF APPEALS IS DENIAL OF SPEEDY REMEDY.—A lax observance of the reasonable statutory regulations and rules of Court for perfecting appeals works an infringment of Const., Art. 1, § 15, guaranteeing to every person a speedy remedy for wrongs sustained.

Before MOORE, J., Anderson, December, 1921; and TOWNSEND, J., Anderson, April, 1922. Appeal dismissed.

Action by T. W. Rylee against W. O. Marett as Sheriff of Anderson County. Judgment for defendant and plaintiff appeals. From order of Judge Townsend refusing to dismiss the appeal, the defendant appeals. Cases heard together.

*Messrs. Dickson & Miller,* for plaintiff-appellant, cite: *Claim and delivery subject to same rules as other civil actions:* 57 S. C., 14. *Is a purely legal action:* 70 S. C., 547; 80 S. C., 557. *Purpose of it:* 114 S. C., 350. *Effective against officers of the law:* 73 S. C., 111; 73 S. C., 438; 107 S. C., 545. *Act forfeiting car should be construed strictly and in favor of owner:* 110 S. E., 455; 104 S. E., 911; 101 S. E., 795; 102 S. E., 136; 103 S. E., 37. *No as-*

sent or knowledge by Rylee of use of car: 107 S. C., 545; 73 S. C., 438.  *Relation between garage keeper and owner:* Huddy, Autos (5th Ed.), 229; Berry, Autos (2d Ed.), Sec. 742.

For plaintiff-respondent, cite: *Motion addressed to discretion of Judge:* Code Proc. 1912, Sec. 225.

*Messrs. L. W. Harris, Solicitor,* and *J. S. Acker,* for defendant-respondent, cite: *Auto subject to seizure:* Act 1917, p. 69, Art. 27. *Replevin will not lie for property in custody of law:* 2 N. & McC., 456; 23 R. C. L., 877; 15 R. C. L., 416; 41 Sup. Ct. (U. S.), 189; 110 S. E., 385; 108 S. E., 260.

For defendant-appellant, cite: *Service of notice:* Code Proc. 1912, Sec. 447. *Failure to perfect appeal:* Id., Sec. 384, Art. 4. *Judge cannot extend time to perfect appeal after expiration of original period:* 14 S. C., 166; 16 S. C., 112; 12 S. E., 559.

August 19, 1922.

The opinion of the Court was delivered by MR. JUSTICE MARION.

T. W. Rylee, plaintiff, brought an action in claim and delivery against W. O. Marett, as Sheriff of Anderson County, defendant, for the recovery of an automobile which had been seized by the defendant while being used for the transportation of alcoholic liquors in violation of the prohibition law. The cause came on for trial before Hon. Ernest Moore, Circuit Judge, and a jury in the Court of Common Pleas for Anderson County, December 15, 1921. Judge Moore sustained a demurrer to the claim and delivery proceeding, on the ground that the property was in *custodia legis,* but allowed the trial to proceed as an action to recover possession of personal property. The trial resulted in a verdict for the defendant. Court adjourned *sine die* December 17, 1921. A notice of intention to appeal

was served upon L. W. Harris, one of the attorneys for the defendant, on December 22, 1921, by leaving a copy of same upon his desk in his office. This notice was never seen by Mr. Harris. After the time for appeal had passed, without, as defendant's counsel understood, any notice of intention to appeal having been served, the defendant was advised by his counsel to advertise the automobile according to law and sell same, which he did. The car was sold by the Sheriff on January 25, 1922. The plaintiff's case and exceptions on appeal were not prepared and served within the 30 days limited by law. Early in February, after the time for serving the case and exceptions had expired, plaintiff's attorneys requested defendant's attorneys to accept service of the proposed case and exceptions on appeal. Defendant's attorneys declined to do so, but offered to accept service and allow appeal to proceed, if plaintiff would agree to limit liability to the sale price of the car as fixed by the sale thereof made by the Sheriff on January 25, 1922. The plaintiff declined that offer, and thereafter, on March 27, 1922, formally served upon defendant's attorneys, through the Sheriff's office, a proposed case and exceptions.

Defendant's counsel, pursuant to notice, then moved before his honor, W. H. Townsend, Circuit Judge, presiding at the April term of the Court of Common Pleas for Anderson County, for an order dismissing plaintiff's appeal to the Supreme Court. Judge Townsend refused this motion, and ordered that the appeal of the plaintiff be "allowed to stand." From this order, dated April 15, 1922, the defendant appeals to this Court upon a case and exceptions, served upon plaintiff's attorneys under date of May 2, 1922.

Thereafter, the date not appearing in the record, plaintiff's proposed case and exceptions on appeal from the judgment on verdict rendered on the trial of the cause before Judge Moore and a jury on December 15, 1921, were filed as the return in this Court and with

the Clerk of the Circuit Court of Anderson County. The defendant's attorneys signed an agreement in the usual form that such cases and exceptions should "constitute the return upon which this appeal shall be heard in the Supreme Court." Upon the call of the cause for hearing in this Court, counsel for defendant, Marett, insisted that the defendant's appeal from the order of Judge Townsend should be first disposed of, and that upon the record in that appeal the defendant·was entitled to have the appeal of the plaintiff dismissed. Counsel for the plaintiff, Rylee, contended that the effect of the signing by defendant's attorneys of the agreement that the plaintiff's proposed case and exceptions should constitute the return upon which that appeal should be heard in the Supreme Court was to estop defendant from asserting a right to the dismissal of the plaintiff's appeal.

The contention cannot be sustained. At the time the agreement was signed, defendant's appeal from Judge Townsend's order was pending. It is not suggested that defendant's counsel actually intended to relinquish defendant's right to prosecute his appeal and to insist upon the dismissal of plaintiff's appeal by this Court. In the absence of an express stipulation to that effect, no intention on the part of the defendant's counsel to withdraw their appeal can be inferred from an agreement to allow plaintiff's proposed case and exceptions to constitute the return for that appeal. One obvious result of such agreement was to save plaintiff trouble in having to take other steps to complete his return, and it does not appear that his counsel were in any way misled to their prejudice. We are, therefore, of the opinion that defendant is entitled to have his appeal from Judge Townsend's order and his motion in this Court upon the record to dismiss plaintiff's appeal first considered and determined. The appeal from Judge Townsend's order, involving the motion to dismiss, will be

referred to as the "defendant's appeal"; the appeal in the main cause from the trial before Judge Moore, as the "plaintiff's appeal."

Since the jurisdiction proper of this Court, to the exclusion of the Circuit Court, does not attach until the filing of the "return," before an appeal is perfected as required by Section 384, Code of Civ. Procedure (1912), it is within the power of the Circuit Court to dismiss an appeal by determining and declaring that the appeal to this Court has been abandoned, or the right of appeal waived, by failure to take the steps required by law to perfect such appeal. *State v. Johnson,* 52 S. C., 505; 30 S. E., 592; *Uzzell v. Horn,* 71 S. C., 431; 51 S. E., 253; *Equitable Fire Ins. Co. v. Fishburne,* 72 S. C., 24; 51 S. E., 528; *Pelzer Mfg. Co. v. Cely,* 40 S. C., 430; 18 S. E., 790; Rule 23 of Rules of Supreme Court (90 S. E., xi). No return having then been filed in this Court, Judge Townsend clearly had jurisdiction to hear and determine defendant's motion to dismiss plaintiff's unperfected appeal.

The status of the case as presented on the motion before Judge Townsend was such as to entitle defendant to the order of dismissal. The plaintiff had failed to prepare his case with exceptions and serve them on the opposite party within 30 days, in accordance with the mandatory requirements of the statute (Section 384, Code Civ. Proc. 1912) and of Rule 50 of the Circuit Court. He had failed to avail himself of the remedy provided by Section 387, which is as follows:

"The time for taking any step or proceeding in the preparation and perfection of appeals from the Circuit Courts to the Supreme Court, as now prescribed by law, may be extended by the Judge who heard the cause, or by any one of the Justices of the Supreme Court, upon four days' notice of such motion being first given to the opposite party,

except the time of giving notice of appeal to the opposite party."

Under the provisions of that Section he had the right to apply, provided the application was made before the expiration of the 30 days limited, to the Circuit Judge "who heard the cause," or to "any one of the Justices of the Supreme Court," for an extension of the time within which to serve his case with exceptions. *Stribling v. Johns,* 16 S. C., 112; *Tribble v. Poore,* 28 S. C., 570; 6 S. E., 577; *Brown v. Easterling,* 59 S. C., 479; 38 S. E., 118. After having failed in apt time to apply for the desired extension under Section 387, the plaintiff's only remedy was an application to the Supreme Court for permission to perfect his appeal under the provisions of Section 388. Where the notice of appeal has been duly given, the Supreme Court, under Section 388, may, in its discretion, relieve the party seeking to appeal from the consequences of other omissions in the perfecting of his appeal. *Wardlaw v. Erskine,* 20 S. C., 583; *Saverance v. Lockhart,* 66 S. C., 541; 45 S. E., 83; *Deal v. Deal,* 85 S. C., 262; 67 S. E., 241.

It is suggested that under Section 225 of the Code of Procedure (1912), providing that "the Court may likewise, in its discretion, and upon such terms as may be just, allow an answer or reply to be made, or other act to be done, after the time limited by this Code of Procedure, or, by an order, enlarge such time," etc., Judge Townsend had authority, not only to decline to declare the appeal waived, but to enlarge the time for serving the case and exceptions. That section is clearly not applicable, for the reasons (1) that by context and content it refers to procedure in the Circuit Court prior to appeal, and (2) that by the express terms of Section 384 it is declared that failure to perfect an appeal "shall amount to a waiver thereof, unless the Court permit the appeal to be perfected as provided in Sections 378 and 388." At the hearing of defendant's

motion to dismiss before Judge Townsend, it affirmatively appeared: (1) That plaintiff's case and exceptions on appeal had not been served within the time limited by law; (2) that no extension of time had been granted by the Judge who heard the cause or by a Justice of the Supreme Court (Section 387); and (3) that no application had been made to the Supreme Court for permission to perfect the appeal (Section 388). No return having been filed in the Supreme Court, and no application having been made to that Court under Section 388, the Circuit Court then clearly had jurisdiction of the matter, and upon the facts appearing we think the Circuit Judge should have granted defendant's motion to dismiss or to declare plaintiff's appeal waived.

Although the point was not raised by counsel, at this stage of the discussion it is proper to say that we are not inadvertent to the consideration that there may be doubt as to whether the order of Judge Townsend falls strictly within any of the subdivisions of Section 11 of the Code of Procedure (1912), specifying what judgments, decrees, and orders of the Circuit Court this Court has jurisdiction to review. See *Gibbes v. Elliott,* 8 S. C., 61; *Deal v. Deal,* 85 S. C., 264; 67 S. E., 241; *Stribling v. Johns, supra; Scurry v. Colman,* 14 S. C., 166; *State v. Johnson, supra; Equitable Fire Ins. Co. v. Fishburne, supra; Uzzell v. Horn, supra; Twiggs v. Williams,* 98 S. C., 455; 82 S. E., 676; *Greer v. Keaton,* 98 S. C., 192; 82 S. E., 424. But since the defendant's appeal in the case at bar amounts substantially to a motion to dismiss in this Court, which has since acquired exclusive jurisdiction of the entire subject-matter by the filing of the return in the main (plaintiff's) appeal, we entertain no doubt as to the authority of this Court to review the order in arriving at a determination of the question, still outstanding and now properly before the Court, as to the right of the defendant to have plaintiff's appeal dismissed.

If· defendant was entitled, upon the application made to the Circuit Court, to an adjudication that plaintiff's appeal had been waived by failure to perfect same, he is now entitled to that adjudication by this Court, unless the plaintiff has made such showing of ."mistake or inadvertence," under Section 388 (Code Civ. Proc. 1912), as fairly entitles him to such an exercise of the discretionary power of this Court as will restore the privilege of appeal forfeited by failure to comply with the plain mandates of the law. The "mistake or inadvertence" upon which plaintiff bases his plea for relief is thus alleged in the affidavit of one of plaintiff's attorneys:

"That on the 12th day of January, 1922, deponent's partner was called to the Legislature, and remained in attendance upon same until early in March. That deponent was kept constantly engaged in the business of his office, with a great deal of work, and had the burden of the entire office on his hands. That deponent began work on the proposed case before the time expired, but was constantly interrupted, and could not put his entire time of any one day on the matter. That he finally, early in February, finished the proposed case and asked the solicitor, Mr. Harris, to accept service; that the Solicitor refused to do so, claiming that no notice of appeal was served upon him. . . . Deponent further says that the delay in perfecting the appeal within the 30 days allowed by law was not willful, but through excusable neglect; that due to the pressure of office work, saddled upon him in the absence of Mr. Dickson, it was impossible to prepare and serve it sooner."

We do not think this makes a case of "mistake or inadvertence." The failure to prepare and serve the case and exceptions would seem clearly attributable to giving preference to other office work, which, so far as the record discloses, was certainly not entitled to priority over the important matter of perfecting an appeal within the fixed

limit of time prescribed by law. It is true this Court, in the case of *Crosswell v. Association*, 49 S. C., 374; 27 S. E., 388, in laying down the rule for the exercise of the Court's discretion under Section 388, has said that relief would be extended when a party has failed to take some step necessary to perfect his appeal "through excusable inadvertence, or from sickness or other cause beyond his control." "But," as the Court further states, "in doing so, care will be taken to prevent, as far as possible, any injury, by delay or otherwise, to the respondent, whose rights are as much entitled to be respected as are those of the appellant." However much disposed, through the "fellow feeling" that "makes one wondrous kind," to look with favor upon the familiar and time-honored excuse of "pressure of work," we doubt the validity of that plea as a cause beyond one's control, or as a justification for inadvertence, which results in a failure to perfect a client's appeal within due time. If the "demnition grind" of the law office becomes too strenuous, the over-worked attorney can always apply, under Section 387 (Code Civ. Proc., 1912), for an extension of time, which was not done in this case.

But, even if the facts here made out a clear case of "excusable inadvertence" on the part of plaintiff's counsel, upon a balancing of the equities arising from "mistakes" in the case, we think the equity of the defendant is entitled to prevail. The plaintiff's notice of appeal was served by leaving a copy upon the desk of defendant's attorney. It was not seen by him, and did not otherwise come to his attention. Assuming that notice of appeal had not been given, he advised the defendant to advertise and sell the automobile in dispute. The date the notice of appeal was served was December 22, 1921; the date of the sale of the car was January 25, 1922, more than 30 days thereafter. Even though the oversight of defendant's

counsel in not discovering the notice of appeal on his desk was not "excusable," if the plaintiff's case and exceptions had been served within the interim of more than 30 days, counsel could still have stopped the sale of the car on January 25th. On that date the car, which plaintiff claims was worth $500, was sold by the defendant for $170. The status of the case was thereby materially changed, and defendant thereafter exposed to the liability of having to meet a $500 claim on account of the car, with only $170 realized from the sale. Plaintiff's counsel having declined to accede to the proposal of defendant's liability to $170, and the *status quo* having been materially changed to the prejudice of the defendant without fault on his part, we are of the opinion that a due regard for the rights of the defendant precludes the exercise by this Court of its discretionary power to relieve plaintiff from the consequences of his own omission to perfect his appeal within the time prescribed by law.

It has been suggested by counsel that this Court should not allow technicalities to stand in the way of hearing a meritorious appeal. It may not be an inopportune time to remind our brethren of the great profession to which bench and bar alike belong that it is only by virtue of the technical rules and regulations provided by the statute law that the right of appeal exists. The Supreme Court is by constitutional provision (Section 4, Art. 5, Const., 1895), constituted a Court for the correction of "error at law" only "under such regulations as the General Assembly may by law prescribe." While, as this Court has held, a liberal construction should be given the Constitution and statutes in favor of the right of appeal (*O'Rouke v. Paint Co.*, 91 S. C., 403; 74 S. E., 930), it is the bounden duty of the Court to enforce the mandatory requirements which the General Assembly has prescribed as conditions upon which the privilege of appeal may be exercised by a party litigant. The reference to technicali-

ties in connection with the right of appeal reminds of the homely adage that "what is one man's meat is another's poison." To the appellee the rules and regulations which confer the important privilege of appeal upon his adversary are but technical means for delaying the enforcement of rights which have been accorded and secured to him by the favorable and presumptively just judgment of a competent trial Court. Obviously the regulations which prescribe the steps to be taken and the conditions to be complied with by an appellant were intended, not only to confer a privilege upon him, but also to safeguard the judicially established rights of his adversary, by requiring the prompt and orderly prosecution of an appeal, to the end that the administration of justice through the Courts should not be subject to the ancient reproach that "justice delayed is justice denied."

A lax observance of the very reasonable regulations prescribed by the statute and the rules of Court for perfecting appeals can but lead to unnecessary delay in the final disposition of causes in our Courts, and thus work infringement of the Constitutional guaranty (Section 15, Art. 1, Const., 1895) that "every person shall have speedy remedy therein for wrongs sustained." See *Rogers v. Nash,* 12 S. C., 560; *Scurry v. Coleman,* 14 S. S., 166; *Stribling v. Johns,* 16 S. C., 112.

For the reasons stated, the defendant's appeal is sustained as a motion to dismiss in this Court, and the plaintiff's appeal is dismissed.