11681

HORGER v. SIMS

(126 S. E. 430)

APPEAL AND ERROR—PARTY, WHO HAS DULY SERVED NOTICE OF INTEN-
TION TO APPEAL, ENTITLED TO NOTICE OF MOTION TO HAVE APPEAL
JUDICIALLY DECLARED, WAIVED OR ABANDONED FOR FAILURE TO PER-
FECT APPEAL.—Notice of motion to have proposed appeal judicially
declared waived or abandoned for failure to perfect appeal, under
Code Civ. Proc., 1922, § 646, subd. 3, must, under sections 753-755,
be given party who has duly served notice of intention to appeal,
since whether appeal has in fact been perfected, or whether there
has been in fact an extension of time by competent authority, under
sections 649 and 650, or by agreement of counsel or otherwise, are
issues of fact on which such party is entitled to be heard.

Before HENRY, J., Orangeburg, January, 1924. Reversed.

Action by Mary A. Horger against James Izlar Sims.
From an order sustaining a motion to dismiss appeal to
Supreme Court, from order of reference, defendant appeals.

*Messrs. Sims & Sims,* for appellant, cite: *"Order,"*
*"Motion," and "Notice":* Code 1922, Sec. 753, 754, 755.
*Order given without notice sufficient grounds for setting
aside:* 45 S. C., 468. *Notice in motions to dismiss appeals:*
79 S. C., 58; 80 S. C., 277; 14 S. C., 502; 107 S. C., 198;
Code Civ. Proc. Sec., 646; 103 S. C., 527.

*Messrs. Herbert & Herbert,* for respondent, cite: *Appeal
from order of reference:* 122 S. C., 382; 84 S. C., 100; 73
S. C., 198; 121 S. C., 374. *No written notice necessary for
orders made in term time:* Code 1922, Sec. 754, 755; 119
S. C., 29; 73 S. C., 198; 72 S. C., 573; 28 Cyc., 8.

February 12, 1925.

The opinion of the Court was delivered by MR. JUSTICE
MARION.

In an action for the foreclosure of a real estate mortgage,
in which the defendant set up a counterclaim for rent, an
order of reference was made, from which defendant's at-

torneys served a notice of intention to appeal to this Court. Thereafter, the cause being on calendar 2, the plaintiff's attorneys, without notice to defendant's attorneys, moved in open Court to dismiss the appeal above referred to on the grounds (1) that the notice of intention to appeal had not been served in time; and (2) that no case and exceptions had been served within the time required by law. Thereupon the circuit Judge made an order, sustaining both grounds of the motion for dismissal, and declaring the appeal abandoned.

It is conceded that the circuit Judge's finding that the notice of appeal had not been served in due time was in error. The one question presented by the appeal is, where due notice of intention to appeal has been given, is a motion to dismiss the appeal in the circuit Court such a motion as entitles the adverse party to notice? We are of the opinion that the motion to have the proposed appeal judicially declared waived or abandoned for failure to perfect the appeal (section 646, subdivision 3, Code Civ. Proc., 1922) is a motion of which notice is necessary (see sections 753, 754, 755, Code Civ. Proc., 1922). Whether the appeal has in fact been perfected, or whether there has been in fact an extension of time by competent authority (sections 649 and 650, Code Civ. Proc., 1922), or by agreement of counsel or otherwise, are issues of fact upon which the party who has served due notice of intention to appeal is entitled to be heard.

We think the nature of the issues thus involved is such as to entitle the party whose rights may be affected by the order to the notice prescribed by section 755, Code Civ. Proc. 1922. Obviously the showing of fact which the party affected may be entitled to make might reasonably require preparation, which could not be given without adequate and definite notice. While the point seems not to have been expressly decided by this Court, in *Messervy v. Messervy,* 79 S. C., 58; 60 S. E., 692, such a motion is recognized as

"a motion to dismiss * * * after due notice." See *State v. Parker,* 7 S. C., 235. *State v. Port Royal, etc. Ry. Co.,* 45 S. C., 468; 23 S. E., 380.

In the view indicated, we are constrained to hold that the ruling of the circuit Judge was erroneous. The order is accordingly reversed, without prejudice to the right of respondent to renew his motion in the circuit Court after due notice.

Reversed.

MESSRS. JUSTICES WATTS and FRASER concur.

MR. CHIEF JUSTICE GARY and MR. JUSTICE COTHRAN did not participate.