13589

STATE v. ATKINS *ET AL.*

(168 S. E., 540)

October, 1931.

*Messrs. L. K. Jennings* and *T. H. Munro,* for appellants,

*Mr. Sam R. Watt, Solicitor,* for the State.

February 28, 1933.

The opinion of the Court was delivered by MR. CHIEF JUSTICE BLEASE.

The defendants in this case have appealed from an order of his Honor, Circuit Judge Featherstone, dismissing their appeal, and notice of intention to appeal, in a cause tried in the Court of General Sessions for Spartanburg County, wherein they were convicted of, and sentenced for, the crime of burglary, and attempted to appeal from such conviction to this Court.

The appeal in the original case was not perfected as required by law, although upon application to his Honor, Circuit Judge Grimball, he extended the statutory time for the perfection of the appeal.

The solicitor gave notice that he would move before Judge Featherstone, presiding in the Court of General Sessions

for Spartanburg County, to dismiss the appeal, and notice of intention to appeal, for the reason that the attempted appeal had not been perfected as required by law. In support of his motion, he presented the certificate of the Clerk of this Court to the effect that the defendants (appellants) had failed to comply with the requirements of the law and the rules of this Court as to perfecting, filing, and docketing their appeal.

After the service of the notice of the solicitor and prior to the day the hearing thereon was to be had, the defendants served upon the solicitor and attempted to file with the Clerk of this Court the transcript of record in their appeal. The Clerk of this Court, on the ground that the time for perfecting the appeal had expired, refused to accept the transcript of record and to docket the case. The counsel for the appellants left the transcript of record in the office of the clerk.

At the hearing of the motion before Judge Featherstone, the position was taken that since the transcript of record had been filed with the Clerk of this Court, the Court of General Sessions of Spartanburg County did not have jurisdiction; the jurisdiction at that time being in this Court. Because of the holding to the contrary by Judge Featherstone, the question presented to him is now brought before this Court—and the appellants say that is the sole question for our determination.

Subdivision (3) of Section 781 of the Code of 1932 is as follows: "Whenever the appellant shall fail to perfect his appeal, his failure to do so shall amount to a waiver thereof, unless the Court permit the appeal to be perfected as provided in Sections 775 and 785."

Rule 1 of this Court, which has been in existence for many years, says this: "For the purpose of an appeal the case containing exceptions, as agreed upon or settled, shall constitute the return for this Court. The original shall be

filed with the Clerk of the lower Court, and fifteen copies thereof filed with the Clerk of this Court, one of which shall be certified, and three copies served upon the respondent, or his attorney; all within twenty days after the case containing exceptions shall have been agreed upon or settled. The failure of the appellant to comply with these requirements shall amount to a waiver of his appeal, and upon such failure appearing by the certificate of the Clerk of this Court and the affidavit of the respondent's attorney, the Court below may by order dismiss the appeal and proceed as if no notice of intention to appeal had been given."

It is conceded that the appeal was not perfected within the time allowed for perfecting appeals in accordance with the provisions of Section 781 of the Code, although there was an extension of the time for that purpose of one of the Circuit Judges, as provided in Section 784.

The attempt to file the record after the time expired, in violation of the statutory law and the rules of this Court, was not effective to bring the case within the jurisdiction of this Court. Until this Court secured jurisdiction, the jurisdiction remained in the lower Court.

The appellants depend upon one of our cases only to support their position, that of *Steele v. Railroad Company,* 96 S. C., 460, 81 S. E., 144, 146. There it was held, "as the return had been filed, and the case was then pending in the Supreme Court," that a Circuit Judge did not have jurisdiction to grant an order in the case moved for by one of the parties.

Counsel for the appellants have overlooked, in the opinion of Mr. Chief Justice Gary in the *Steele case,* a very important statement of fact which was this: "* * * The defendant * * * perfected its appeal, and caused the case to be docketed in the Supreme Court for trial. * * *"

If the defendants here had perfected their appeal according to law and had presented the "return" to the Clerk of

this Court, it would have been the duty of the clerk to have accepted it and this Court would have obtained jurisdiction, ousting thereby the lower Court of jurisdiction. If the defendants had taken the stated steps in time and the Clerk of this Court had refused to accept the return, this Court, upon application, by proper order, would have directed the clerk to accept the return and docket the cause. Under the rule of the Court which we have quoted, the Clerk of this Court properly discharged his duty and the Circuit Judge was correct in his order.

The appeal herein is dismissed.

MESSRS. JUSTICES STABLER, CARTER and BONHAM concur.