13712

VIRGINIA-CAROLINA CHEMICAL CORPORATION v. MILLS ET AL.

(171 S. E., 477)

*Messrs. T. B. Lewis* and *E. S. C. Baker,* for appellants,

*Messrs. H. H. Woodward* and *Clarke W. McCants,* for respondent,

November 6, 1933.

The opinion of the Court was delivered by MR. CHIEF JUSTICE BLEASE.

In this suit, in the Court of Common Pleas of Horry County, the respondent sought a judgment against the appellants on a promissory note. The result of the trial, before his Honor, Circuit Judge Oxner, was a directed verdict in favor of the respondent, and judgment thereupon was duly entered.

Within the ten days allowed by law, the appellants served notice of intention to appeal to this Court. The official stenographer of the Court, upon the request of the attorneys for the appellants, agreed to furnish, within due time, the transcript of the proceedings in the trial Court, so that the appellants, within the statutory period of thirty days after service of the notice of intention to appeal, might proceed to prepare and have served their case and exceptions. The stenographer, because of much official work on hand, seeing that he could not get the record to the attorneys for the appellants within the required time, on his own motion, without consulting with any of the attorneys on either side in the cause, and without notice to them, procured from the resident Judge of the Circuit, Hon. S. W. G. Shipp, an order extending the time for the time for the service of the case and exceptions. Shortly thereafter, but after the thirty days allowed for the service of the case and exceptions had expired, the stenographer sent the transcript of the proceedings in the lower Court to the attorneys for the appellants. They

thereupon prepared their case for appeal, but service thereof was not accepted by the attorney for the respondent.

The attorney for the respondent gave notice that he would move before his Honor, Circuit Judge Ramage; presiding in the Court of Common Pleas for Horry County, for an order dismissing the appeal, on the ground that the same had not been perfected within the time required by the statute. On the hearing of this motion, the attention of Judge Ramage being called to the previous order of Judge Shipp, he held that he had no power to review, or interfere with, that order, and refused to dismiss the appeal.

After the cause had been docketed in this Court by the appellants, the respondent moved to dismiss the appeal, on the ground that the same had been improperly docketed, it not having been perfected within due time. For convenience, and to expedite the conclusion of the whole matter, we decided to hear the motion to dismiss and the appeal together.

Under the provisions of Section 784 of the Code, the time for taking necessary steps in the preparation and perfection of appeals from the Circuit Courts to the Supreme Court, except the time of giving notice of appeal to the opposite party, may be extended "by the Judge who heard the cause, or by any one of the justices of the Supreme Court," upon proper notice. By the terms of the statute, since his Honor, Circuit Judge Shipp, was not the Judge "who heard the cause," he was without authority to pass an order extending the time for the service of the case and exceptions. Judge Shipp not having jurisdiction in the premises, his order was a nullity. See *Deal v. Deal,* 85 S. C., 262, 67 S. E., 241.

Without proper order extending the time having been procured, and the appeal not having been perfected within the time required by law, and the "return" not having been filed in this Court, the Court of common Pleas of Horry County still had jurisdiction in the cause, and his Honor, Circuit Judge Ramage, should have granted the motion of the respondent to dismiss the appeal.

See *Rylee v. Marett, Sheriff*, 121 S. C., 366, 113 S. E., 483, 487.

"While, as this Court has held, a liberal construction should be given the Constitution and statutes in favor of the right of appeal (*O'Rouke v. Paint Co.*, 91 S. C., 403, 74 S. E., 930), it is the bounden duty of the Court to enforce the mandatory requirements which the General Assembly has prescribed as conditions upon which the privilege of appeal may be exercised by a party litigant." *Rylee v. Marett, supra.*

The appeal not being properly in this Court, the motion to dismiss must be granted.

We again call the attention of the bar, generally, to the necessity of complying strictly with the statutory enactments in the matter of appeals to this Court. We invite especial attention to what was said in *Rylee v. Marett, supra,* and holdings of this Court in *Wade v. Gore,* 154 S. C., 262, 151 S. E., 470.

To relieve the feelings of counsel for the appellants, and as a comfort to ourselves, we may say that in this particular case the granting of the motion to dismiss the appeal has not, in our opinion, worked any possible injustice. An examination of the transcript of record clearly discloses that the rulings of his Honor, Circuit Judge Oxner, appealed from, could not be disturbed by this Court.

Appeal dismissed.

MESSRS. JUSTICES STABLER, CARTER and BONHAM and MR. ACTING ASSOCIATE JUSTICE W. C. COTHRAN concur.