16783

STATE v. COTTINGHAM *ET AL.*
(77 S. E. (2d) 897)

*Mr. R. E. Hanna,* of Cheraw, *for Appellants,* 

*Solicitor Robert L. Kilgo,* of Darlington, *for Respondent,*

September 29, 1953.

STUKES, Justice.

The appellants were convicted of grand larceny in the Court of General Sessions for Marlboro County in February 1952, and were thereupon sentenced. Their counsel served timely notice of appeal and on March 8, 1952, served exceptions and, quoting from the record, "a proposed statement of the case," and requested extension of time for perfection of the appeal. This was acknowledged by the Solicitor who by letter to counsel required that the appeal record should conform to a transcript of the record of the trial; and he extended the time for ten days after receipt of the tran-

script from the court stenographer, provided the procurement of it be immedaitely arranged with the latter. Other communications and notices finally resulted in an order of the trial judge, dated December 6, 1952, which settled the case for appeal and copy of the order was served upon the attorney for appellants on or before December 12, 1952.

The Solicitor, representing the State, made affidavit dated January 10, 1953, that the order settling the appeal was filed in the office of the Clerk of Court on December 8, 1952, and a copy mailed to appellants' attorney who thereupon mailed to the Solicitor his, quoting, "Notice of Rejection and Return"; that personal service of the order was then made upon appellants' attorney on December 12, 1952, by the Chief of Police of Cheraw; and that the settled case containing exceptions had not been served upon the Solicitor and nothing had been filed in the office of the Clerk of the Supreme Court. Upon the filing of this affidavit and on motion of the Solicitor, the resident Circuit Judge on Jan. 10, 1953, issued a rule against appellants' attorney requiring him to show cause on January 17, 1953, why the appeal should not be dismissed. Order was issued on the return day, from which the instant appeal was taken, wherein it was recited that admittedly no transcript of record (presumably of the trial) had ever been requested by the attorney for the appellants or by anyone in their behalf; that the former order settling the case for appeal was served on appellants' attorney on or before December 12, 1952, and the case containing exceptions, as agreed upon or settled, was not served upon the Solicitor within the time required by law; whereupon the appeal was dismissed and the Sheriff was ordered to arrest the appellants to begin the service of their sentences.

There are several exceptions which will be disposed of adversely to appellants in what will be said. Procedure upon appeal to this court is prescribed by Sections 7–401 et seq., Code of 1952, by Circuit Court Rules 49 and 50 and Supreme Court Rule 1 et seq. Failure of compliance by the

present appellants is patent from the foregoing recital of the facts.

Code Section 7–409 provides that failure to perfect an appeal shall amount to waiver of it, unless the court should permit perfection under other stated provisions of the Code, which latter are not invoked in this case. Of similar effect is Rule 1 of this Court which provides that the lower court may dismiss an appeal when it appears from the certificate of the Clerk of the Court and the affidavit of counsel that it has not been timely perfected and filed.

Appellants except upon the ground that the lower court did not have before it, at the time of the dismissal of the appeal, the certificate of the Clerk that the transcript of record for appeal had not been filed. However, the hearing court did have before it the Solicitor's affidavit to that effect and further that the transcript of the trial had not even been requested by the appellants of the official stenographer, without which the record for appeal could not be completed. The present appeal record indicates that no effort was made by appellants, although represented, to controvert these facts. Indeed, transcript of the main appeal has not yet been filed in the office of the Clerk of this Court, despite the great lapse of time and the opportunity of appellants to have long since taken the required steps to perfect their appeal if that was their intention and that of their experienced counsel.

To point to the absence of certificate from the clerk at the hearing upon the rule to show cause why the appeal should not be dismissed is a hollow gesture in view of the stark and undisputed fact that nothing has ever been filed in this Court save the transcript and briefs upon this appeal from the order dismissing it,—nothing upon the main appeal. A letter from the clerk, in lieu of certificate, was held to be sufficient in *McPherson v. Anderson, infra.*, 202 S. C. 312, 24 S. E. (2d) 516, 517, which sustained dismissal of appeal upon five days' notice to counsel, who happens to be

the same counsel as here. The solicitor proceeded in this instance under the Code and rules of the circuit court which do not contain requirement of the certificate. Appellants were given their day in court to contest the facts alleged by the Solicitor in his affidavit and there was no prejudice for lack of the formal certificate which is now insisted upon. Similar procedure was approved in *Rylee v. Marett,* 121 S. C. 366, 113 S. E. 483, 485, which is an enlightening authority upon the subject. In the opinion it was said:

"Since the jurisdiction proper of this court, to the exclusion of the circuit court, does not attach until the filing of the 'return,' before an appeal is perfected as required by section 384, Code of Civ. Procedure (1912), it is within the power of the circuit court to dismiss an appeal by determining and declaring that the appeal to this court has been abandoned, or the right of appeal waived, by failure to take the steps required by law to perfect such appeal. *State v. Johnson,* 52 S. C. 505, 30 S. E. 592; *Uzzell v. Horn,* 71 S. C. [426] 431, 51 S. E. 253; *Equitable Fire Ins. Co. v. Fishburne,* 72 S. C. 24, 51 S. E. 528; *Pelzer Mfg. Co. v. Cely,* 40 S. C. 430, 18 S. E. 790; rule 23 of Rules of Supreme Court (90 S. E. xi). No return having then been filed in this Court, Judge Townsend clearly had jurisdiction to hear and determine defendant's *motion to dismiss plaintiff's* unperfected appeal."

Likewise without substance is appellant's contention that their counsel should have had ten days' notice of the hearing upon the rule to show cause why the appeal should not be dismissed. Four days' notice of motion, which is the usual practice, would have sufficed. Section 10–1227, Code of 1952. *Horger v. Sims,* 131 S. C. 117, 126 S. E. 430. Circuit Court rule 56. The record shows that appellants' counsel had seven days' notice of the hearing and he does not contend that he did not have ample opportunity to prepare and be fully heard in opposition.

The appeal is without merit and considering it as a motion to reinstate appellants' main appeal, which is the com-

mon practice under the last provision of Rule 1 of this Court and the applicable provisions of the Code, it must be denied. So far as the record shows, appellants have seasonably complied with none of the requirements except to serve notice of appeal upon their conviction in February 1952, and even now offer no reason or excuse for their derelictions.

The necessity for punctual and orderly perfection of appeals has been pointed out, and the requirement enforced, in many late cases. *Rylee v. Marett, supra,* 121 S. C. 366, 113 S. E. 483, and earlier cases there cited. *Wade v. Gore,* 154 S. C. 262, 151 S. E. 470; *Fann v. State Highway Dept.,* 160 S. C. 156, 159 S. E. 617; *Wannamaker v. Johnson,* 160 S. C. 157, 159 S. E. 617; *Brewton v. Inter-Carolinas Motor Bus Co.,* 167 S. C. 151, 166 S. E. 85; *McPherson v. Anderson, supra,* 202 S. C. 312, 24 S. E. (2d) 516, 517. The following concisely stated conclusion, applicable here, is taken from the last cited decision, 202 S. C. at page 316, 24 S. E. (2d) at page 518: "There is no dispute that the Transcript of Record was not served upon respondent and filed in the office of the Clerk of this Court within the time required by the rules. Nor did appellant undertake to apply to a Court of competent jurisdiction for additional time in which to perfect his appeal. Therefore, the motion of respondent to dismiss the appeal is granted."

Further reason for the result is apparent from the following explanation of the confusion which is evident in the briefs of counsel in this case. Rule 1 of this Court is independent of, and additional to, the statutes and circuit court rules, as has been indicated. Formerly it authorized dismissal of an appeal by the clerk, which was later changed to "the lower court." See publication of it in 2 Code of 1912, page 719, and the revised form in Code of Procedure, 1922, page 687; and *Crosswell v. Indemnity Ass'n,* 49 S. C. 374, 27 S. E. 388. An intermediate (1916) form of the rule, requiring four days' notice of motion before the clerk to dismiss, which has since been changed, may be found in 104 S. C. 522, 90 S. E. vi. It is published in

its present form in 7 Code of 1952, pages 425, 426. Only this rule refers to the certificate of the Clerk. Such a certificate is not required by the statutes as proof of failure of filing of the transcript of record here. It is convenient and conclusive and therefore in common use; it also has the additional virtue of thereafter preventing effective filing after time. *State v. Atkins,* 169 S. C. 170, 168 S. E. 540. But it is not required of a respondent who moves under the statutes, as did the Solicitor here. The fact that the transcript has not been filed may be proved otherwise in the lower court, or admitted. The fact is, of course, within this court's knowledge and it will not be ignored in the decision of an appeal from order dismissing an appeal, which this in form is.

The old form of rule 1 of this court required ten days' notice of motion before the clerk to dismiss. See the reference to it cited above and *Hayes v. Sease,* 49 S. C. 388, 27 S. E. 406. There is no such requirement in the present form of the rule which authorizes motion before, and order of dismissal by, the lower court. However, *Horger v. Sims, supra,* 131 S. C. 117, 126 S. E. 430, decided under applicable statutes which were carried forward in the current Code of 1952, leaves no doubt of the necessity of at least four days' notice—not ten days', as contended by appellants. Statutes override rules of court, if in conflict. *Columbia W. P. Co. v. Columbia Land Co.,* 42 S. C. 488, 20 S. E. 378, 540; *Grollman v. Lipsitz,* 43 S. C. 329, 21 S. E. 272.

The exceptions are overruled and the order of the lower court is affirmed.

BAKER, C. J., and FISHBURNE, TAYLOR and OXNER, JJ., concur.