17025

PEE DEE FARMS CORPORATION, JOSEPH HOLLIDAY and
JOHN M. J. HOLLIDAY, Respondents, v. ED E.
JOHNSON, Appellant

(88 S. E. (2d) 254)

*Messrs. T. Kenneth Summerford* and *John D. Whisenhunt,* of Florence, *for Appellant,*

*Messrs. Suggs & McCutcheon,* of Conway, *for Respondents,*

July 5, 1955.

Taylor, Justice.

This case was tried on or about the fourth day of February, 1953, in the Court of Common Pleas for Horry County, the Honorable J. B. Pruitt, Presiding Judge. At the conclusion of the testimony, motion was made by plaintiffs (respondents here) for a directed verdict which the Court took under advisement, submitting the issues to a jury. The jury was unable to reach a verdict, and the Court declared a mistrial and thereafter, on July 3, 1953, issued an order granting plaintiffs' motion for a directed verdict.

Notice of intention to appeal to the Supreme Court was duly served, but the appeal not having been perfected, plaintiffs gave notice of motion in the usual form to dismiss the appeal. After hearing the matter, Judge Grimball, on November 9, 1953, issued an order dismissing the appeal.

Thereafter, a hearing was had pursuant to notice of motion to set aside the order of November 9, 1953, by Judge Grimball, resulting in an order, April 20, 1954, refusing the defendant's motion; and he duly served notice of intention to appeal to the Supreme Court from this order.

Thereafter, defendant gave notice of motion for rehearing of its motion to set aside the order of Judge Grimball, dated November 9, based upon after discovered evidence, returnable before Judge Grimball in Charleston. This motion was refused by Judge Grimball in an order dated June 28, and notice of intention to appeal from this order was given June 28, 1954.

Although the record is not clear thereabout, it appears to this Court that the only appeal which was ever perfected

was from the order of June 28, 1954; in reality, however, the appeal challenges all orders to which reference is made.

The exceptions are seven in number and charge error to the Court:

"One, in that the Court erred in holding that Appellant was bound to a strict adherence to the rules laid down for appeals to the Supreme Court, without regard for statutory law, Supreme Court Opinions, testimony, and affidavits before him.

"Two, that the Court erred in failing to set aside his Order of dismissal after opposing counsel had admitted by affidavit that an extension of time to perfect the appeal had been granted the defendant-Appellant.

"Three, that his Honor erred in his conclusion in his Order dated April 20, 1954, that said Order was based on a case cited therein; in that the said case has no application to the issues.

"Four, that the Court erred in failing to grant relief in view of the fact that the affidavit and evidence failed to show that the defendant received written notice as required by the laws of South Carolina.

"Five, that the Court erred in failing to grant relief to the defendant when the evidence clearly showed that the defendant was without counsel at the time the Order of dismissal was obtained.

"Six, that the Court erred in failing to grant relief under Section 10-1213 of the 1952 Code of Laws for South Carolina.

"Seven, that the Court erred in failing to grant relief under Section 10-1213 of the 1952 Code of Laws for South Carolina upon rehearing, when the letter of L. B. Dawes to the defendant, dated January 14, 1954, showed that the defendant had been misled by his former counsel."

In the view of this Court, none of these exceptions is meritorious. It should be borne in mind that upon presentation of motions such as those involved in the

various proceedings had in this case, the Judge before whom the matter is heard is the Judge not only of the law but of the facts; and as to those exceptions which impute error to the hearing Judge as to facts, having by his order been resolved adversely to appellant, the issue is closed in so far as this Court is concerned. It is unquestioned that under the rules of the Circuit Court, and of this Court, that the Court below had jurisdiction to entertain motions to dismiss where the noticed appeal had not been perfected. See Section 7-409, Code of Laws for South Carolina, 1952; *State v. Johnson*, 52 S. C. 505, 30 S. E. 592; *State v. Atkins*, 169 S. C. 170, 168 S. E. 540; and *Rylee v. Marett*, 121 S. C. 366, 113 S. E. 483, the last named case holding that where a case and exceptions are not filed as required by Rule 49 of the Circuit Court that the Circuit Court should dismiss the appeal. See also, *McDonald v. Palmetto Theaters*, 196 S. C. 38, 11 S. E. (2d) 444, to the effect that after an appeal is perfected and docketed under Rule 1 of this Court the Circuit Court jurisdiction ceases, the implication being clearly that before perfection and docketing the Circuit Court has jurisdiction.

From the record, it clearly appears that due notice was given of motion to dismiss the appeal and that service was accepted by appellant's then attorneys. It likewise appears from the certificate of the Honorable J. B. Westbrook, Clerk of the Supreme Court, that no return had been filed, neither had the case been docketed in his office.

As previously observed, any differences in the evidence relating to factual matters were properly for the determination of the hearing Judge and whether or not the hearing Judge correctly stated the case upon which his ruling was predicated is of no consequence here. It having been made to appear that the appeal was not perfected as required by the rules of both this and the Circuit Court and by statute, it follows that the lower Court was correct in dismissing the appeal.

It is accordingly ordered that all exceptions be and they are hereby overruled and the appeal dismissed.

STUKES, OXNER and LEGGE, JJ., concur.

BAKER, C. J., not participating.